## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| **OMAR FRANKLIN, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **16-10484-FDS** |
| **DETECTIVE ERIC MERNER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER OF DISMISSAL

**SAYLOR, J.**

This is a *pro se* civil rights action.  Plaintiff Omar Franklin, Sr., brought suit against the

City of Boston and two police officers, Eric Merner and Ryan Mason.  The Court has dismissed

the action against Mason and the City of Boston, leaving Merner as the sole defendant in the

case.

The complaint alleges that Merner destroyed Franklin's property during the execution of

a search warrant in February 2015.  Franklin contends that Merner and his team "ransacked"

Franklin's house, allegedly breaking furniture and appliances, tearing curtains out of the

window, ripping pictures off the walls, punching holes in the walls, throwing musical equipment

against the wall, and destroying valuable computer equipment.[1]  Although the complaint does

not assert a specific cause of action, liberally construed, it alleges claims under 42 U.S.C. § 1983.

On September 9, 2016, Merner filed a motion for judgment on the pleadings pursuant to

---

[1] *See Franklin v. City of Boston*, 2016 WL 4534016, at *1 (D. Mass. Aug. 30, 2016) for a more complete
statement of the facts.

Fed. R. Civ. P. 12(c).  To date, Franklin has not filed opposition to Merner's motion.  In substance, Merner contends that the complaint does not set forth a constitutional violation and, in any event, that he is entitled to qualified immunity.

Although Fed. R. Civ. P. 12 does not, by its terms, require a party to oppose a motion for judgment on the pleadings, Local Rule 7.1(b)(2) requires that "[a] party opposing a motion shall file an opposition within 14 days after the motion is served."  Plaintiff failed to meet that deadline.  On October 12, the Court ordered Franklin to show cause by October 26, 2016, why the action should not be dismissed.  The order warned Franklin that "[a]bsent good cause shown, this matter may be dismissed."  Franklin has not responded to the Court's order.

Based on those failures, the Court has discretion to dismiss this matter.  *See Instituto De Educacion Universal Corp. v. Great Lakes Higher Educ. Guar. Corp.*, 126 F. App'x 1, 2 (1st Cir. 2005).  The Court finds that dismissing this case is appropriate because plaintiff failed to respond to the motion, and was placed on notice that this sanction was possible both by the terms of Local Rule 7.1 and by the explicit warning contained in the show cause order.  *See id.*; *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002).

Accordingly, this matter is DISMISSED without prejudice for plaintiff's failure to comply with Rule 7.1(b)(2) and the Court's show cause order.


**So Ordered.**


                                                          /s/ F. Dennis Saylor IV
                                                          F. Dennis Saylor IV
Dated: October 31, 2016                                   United States District Judge


2